## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| THEODORE MARTIN, | : | No. 30 EAP 2023 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered |
| | : | on September 6, 2023, at |
| v. | : | No. 239 MD 2021. |
| | : | |
| | : | |
| THE SECRETARY OF THE DEPARTMENT | : | |
| OF CORRECTIONS; THE | : | |
| SUPERINTENDENT/WARDEN OF SCI | : | |
| HUNTINGDON; AND THE CLERK OF | : | |
| COMMON PLEAS COURT OF | : | |
| PHILADELPHIA COUNTY, | : | |
| | : | |
| Appellees | : | |

### DISSENTING STATEMENT

**JUSTICE BROBSON**                                              **FILED: August 20, 2024**

This matter involves a petition for writ of habeas corpus (petition) filed by Theodore Martin (Appellant) in the Commonwealth Court's original jurisdiction against the Secretary of the Department of Corrections (Secretary), the Superintendent/Warden of SCI Huntingdon (Superintendent/Warden)—SCI Huntingdon being a State Correctional Institution within the Department of Corrections (DOC)—and the Clerk of the Common Pleas Court of Philadelphia County (Clerk of Court), averring, in part, that *DOC* miscalculated his sentences because it relied upon inaccurate DC-300B forms provided by the Clerk of Court.

Following the filing of preliminary objections, one of which was in the nature of a demurrer, the Commonwealth Court issued an order, sustaining the demurrer and dismissing the petition. Appellant appealed to this Court, raising twelve issues for our

review—most of which relate to the merits of his petition. The Majority dismisses the appeal, seemingly on the basis that the Commonwealth Court's order is not a final order. The Majority reasons that the Commonwealth Court's order could not dispose of the claims against the Superintendent/Warden and the Clerk of Court given that those parties had not responded to Appellant's petition. The Majority's dismissal is in error.

Pennsylvania Rule of Appellate Procedure 341 (Rule 341) is the governing rule and provides, in relevant part, that "an appeal may be taken as of right from any final order." Pa.R.A.P. 341(a). It further defines a final order as one that, in part, "disposes of all claims and of all parties." Pa.R.A.P. 341(b). On its face, the Commonwealth Court's order meets the requirements of a final order, as it dismisses the petition in its entirety. By doing so, rightly or wrongly, it "disposes of all claims and of all parties." *See id.*

Rather than look to the language of the order, which is unquestionably unambiguous in its disposition of the entirety of the claims and parties identified in Appellant's petition, the Majority delves into the opinion and record below to ascertain the correctness of the order—*i.e.*, engages in a merits review of sorts—for the asserted purpose of determining the appealability of the order. In other words, when faced with an order that clearly dismisses the entire action, the Majority looks beyond the four corners of the order to determine if the order was entered without error. Nothing in Rule 341 or any caselaw identified by the Majority permits such a review.

In addition, I note that the status of the action as to the Superintendent/Warden is somewhat muddled, and an argument could be advanced that the order properly dismissed all claims against the Superintendent/Warden. I say this because the Superintendent/Warden holds a position within DOC, much like the Secretary also holds a position within DOC. The Commonwealth Court's docket lists the following respondents in this matter: DOC, the Secretary, the Superintendent/Warden, and the Clerk of Court.

DOC is not identified in the caption as a party, but the averments of the petition are directed against it and the Clerk of Court and not the Secretary or the Superintendent/Warden. The first three of those respondents—*i.e.*, DOC, the Secretary, and the Superintendent/Warden—could all be considered DOC or "DOC-related" respondents, as both the Secretary and Superintendent/Warden are part of DOC.[1] Attorney Platt filed the preliminary objection in the nature of demurrer to Appellant's petition on behalf of the Secretary but referred generally to DOC throughout the pleading. Attorney Platt also filed a brief in support of the preliminary objection, on the cover of which Attorney Holmes is identified as Chief Counsel for DOC. In the preliminary objection and supporting brief, Attorney Platt cogently explained why Appellant lacked a clear right to relief *against DOC* and laid out the course of action that Appellant must pursue before the trial court if he believes that the DC-300B forms, upon which DOC based its calculation of his sentences, are incorrect—*i.e.*, he must petition the trial court for clarification and/or correction. Thus, arguably, the demurrer, although perhaps inartfully drafted, could be read to apply to *all* DOC-related respondents, including the Superintendent/Warden. The preliminary objection also could be read to provide justification for the dismissal of all claims against the Clerk of Court, although the Clerk of Court did not file preliminary objections.

Moreover, Appellant raised twelve issues on appeal to this Court, and not one of those issues remotely touches upon the issue raised *sua sponte* by the Majority.

---

[1] The Commonwealth Court's docket initially identified Timothy Holmes, Esquire (Attorney Holmes), as counsel for all three DOC-related respondents. Attorney Holmes later withdrew his appearance on behalf of "the Respondents," when another attorney in his office, Brian Platt, Esquire (Attorney Platt), entered his appearance. (Praecipe for Withdraw of Appearance, 03/08/2022.) Despite his withdrawal of appearance, the Commonwealth Court's docket continues to identify Attorney Holmes as lead and active counsel for DOC. Additionally, Attorney Platt's entry of appearance provides that he represents the Secretary and makes no mention of DOC generally or the Superintendent/Warden.

Importantly, that issue is not one of appealability/jurisdiction, as the Majority suggests, but rather, one of correctness of the Commonwealth Court's order—*i.e.,* whether the Commonwealth Court's order properly dismissed all claims and all parties. Certainly, Appellant could have argued that the Commonwealth Court erred in dismissing the petition as to the Superintendent/Warden and/or Clerk of Court given that the preliminary objection was filed on behalf of the Secretary only, but Appellant did not. It would seem, therefore, that Appellant has waived this issue.

While there may be an arguable error with the Commonwealth Court's order and ultimate disposition of this matter, that error does not make the Commonwealth Court's order any less final. The Commonwealth Court's order, on its face, "disposes of all claims and of all parties," and, therefore, it meets the requirements of a final order. *See* Pa.R.A.P. 341(b). I would proceed to hear and dispose of the issues Appellant raises on appeal.

Justice Mundy joins this dissenting statement.